**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                **Plaintiff,**

      **v.**                                            **CASE NO. 22-3113-SAC**

**STATE OF KANSAS,**

                **Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Nicholas D'Andre Thomas, who is detained at the Shawnee County Jail (SCJ) in Topeka, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging misconduct and illegal action related to his ongoing state-court criminal prosecution. He names as the sole defendant the State of Kansas. For the reasons explained below, the Court will direct Plaintiff to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted.

**I.  Nature of the Matter before the Court**

In December 2020, Plaintiff was charged in Shawnee County District Court with one count of aggravated battery. *See* Online Records of Shawnee County District Court, case number 2020-CR-2781. Those proceedings are ongoing.

Plaintiff filed the civil rights complaint now before the Court on June 6, 2022. As noted above, he names as the sole Defendant the State of Kansas. All three counts in the complaint allege that

1

various Kansas statutes were violated at or in relation to his ongoing state-court criminal proceedings. As Count I, Plaintiff alleges the violation of K.S.A. 22-3419, which governs motions for judgment of acquittal. As Count II, Plaintiff alleges the violation of K.S.A. 21-5108, which sets forth the burden of proof in criminal proceedings, codifies a defendant's presumption of innocence, and establishes when a defendant is entitled to a jury instruction on an affirmative defense. As Count III, Plaintiff alleges the violation of K.S.A. 22-2902, which governs preliminary examinations. Plaintiff seeks "money relief, judicial relief, punitive relief, TRO relief, injunctive relief, release relief, monetary relief, personal relief, declaratory relief, temporary relief, indemnification relief, further relief, [and] preemptory relief." (Doc. 1, p. 5.)

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III. Discussion**

**Intervention in State-Court Proceedings**

This is one of many federal cases Plaintiff has filed seeking this Court's intervention in Shawnee County criminal case number 2020-CR-2781; Plaintiff has filed more than ten previous federal habeas and 42 U.S.C. § 1983 actions. *See Thomas v. Maban, et al.*, case number 21-cv-3181-SAC (dismissed Sept. 22, 2021); *Thomas v. Hill*, case number 21-cv-3200-SAC (dismissed Oct. 7, 2021); *Thomas v. Wright*, case number 21-cv-3201-SAC (dismissed Oct. 12, 2021); *Thomas v. Lee*, case number 21-cv-3241-SAC (dismissed Nov. 5, 2021); *Thomas v. State of Kansas*, case number 22-cv-3017-SAC (dismissed Jan. 25, 2022); *Thomas v. Lee*, case number 22-cv-3033-SAC (dismissed February 24, 2022); *Thomas v. Hayden*, case number 22-cv-3044-SAC (dismissed March 10, 2022); *Thomas v. Hayden*, case number 22-cv-3038-SAC (dismissed April 15, 2022); *Thomas v. Hayden*, case number 22-cv-3099-SAC (filed May 20, 2022); *Thomas v. State of Kansas*, case number 22-cv-3113-SAC (filed June 6, 2022).

The Court has repeatedly explained to Plaintiff that under *Younger v. Harris*, 401 U.S. 37, 47, (1971), this Court generally cannot intervene in ongoing state criminal proceedings when (1) the state criminal proceedings are ongoing, (2) the state criminal proceedings affect important state interests, and (3) the state courts provide a satisfactory opportunity for Plaintiff to make constitutional arguments. *See Phelps v. Hamilton*, 122 F.3d 885, 889

(10th Cir. 1997). If all three of these conditions exist, this Court may not interfere in the state-court case unless there is "great and immediate" danger of "irreparable injury." *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)); *see also Younger*, 401 U.S. at 46.

By his request for injunctive relief, Plaintiff asks this Court to intervene in his ongoing criminal state proceedings. As in Plaintiff's previous federal cases, however, the three conditions are satisfied here, so *Younger* requires this Court to abstain from doing so.

### Improper Defendants

Plaintiff names as Defendant "The State of Kansas Court room 4C, Division: 14." (Doc. 1, p. 1.) The State is not a "person" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989)("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Thus, Plaintiff has named only a defendant that cannot be sued under § 1983.

### Failure to State a Claim

The current complaint also fails to state a claim upon which relief can be granted. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). And "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

In the portion of the complaint for Plaintiff to identify the "constitutional rights, privileges or immunities" he believes "have been violated," Plaintiff identifies only state laws. He has not identified any constitutional right, privilege, or immunity that has been violated. As has previously been explained to Plaintiff, the Tenth Circuit has held that "§ 1983 affords a remedy for violations of federal law and does not provide a basis for redressing violations of state law." *D.L. v. Unified Sch. Dist. No.*

*497*, 596 F.3d 768, 776 (10th Cir. 2010) (quotations omitted). Thus, this matter is subject to dismissal because Plaintiff has not alleged a federal constitutional violation.

## IV.  Conclusion

As explained above, Plaintiff's request for injunctive relief is subject to dismissal under the *Younger* abstention doctrine and as frivolous and repetitive litigation. In addition, the complaint is subject to dismissal in its entirety for failure to state a claim upon which relief may be granted in a § 1983 action. Plaintiff is therefore directed to show cause, in writing, why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including July 29, 2022, to show cause, in writing, why this matter should not be dismissed for the reasons stated herein. The failure to file a timely response may result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 29th day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge