**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                **Plaintiff,**

    v.                                                       **CASE NO. 22-3113-SAC**

**STATE OF KANSAS,**

                **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff and pretrial detainee Nicholas D'Andre Thomas filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging misconduct and illegal action related to his ongoing state-court criminal prosecution. For the reasons explained below, the Court will dismiss this matter for failure to state a claim on which relief can be granted.

In December 2020, Plaintiff was charged in Shawnee County District Court with one count of aggravated battery. Those proceedings are ongoing. Plaintiff filed the current civil rights complaint in this Court on June 6, 2022, alleging that various Kansas statutes were violated at in or relation to his ongoing state-court criminal proceedings. He seeks "money relief, judicial relief, punitive relief, TRO relief, injunctive relief, release relief, monetary relief, personal relief, declaratory relief, temporary relief, indemnification relief, further relief, [and] preemptory relief." (Doc. 1, p. 5.)

1

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). After screening, the Court issued a Memorandum and Order to Show Cause (MOSC) on June 29, 2022. (Doc. 6.) Therein, as it has in Plaintiff's other cases before this Court, the Court explained to Plaintiff that if the three conditions set forth in *Younger v. Harris*, 401 U.S. 37, 47 (1971), are present, the Court must not intervene in ongoing state criminal proceedings unless there is "great and immediate" danger of "irreparable injury." (Doc. 6, p. 3-4.)

The MOSC also informed Plaintiff that he had not named a proper defendant and advised him that the complaint failed to state a claim upon which relief can be granted because he alleged only violations of state laws. *Id.* at 4-6; *See D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 68, 776 (10th Cir. 2010) (holding that section "1983 affords a remedy for violations of federal law and does not provide a basis for redressing violations of state law"). The MOSC allowed Plaintiff the opportunity to show cause why this matter should not be dismissed. (Doc. 6, p. 6.)

Plaintiff filed a "Memorandum and Order to Show Cause" (Doc. 7) on July 7, 2022, which the Court liberally construes as a response to the MOSC. Plaintiff has not filed any other documents

2

and the time to respond to the MOSC has now passed. Even liberally construing Plaintiff's response to the MOSC, as is appropriate since Plaintiff proceeds pro se, the response does not allege that Defendant violated Plaintiff's federal rights. (Doc. 7.) Rather, the response merely again alleges that Plaintiff's state-court criminal prosecution has involve the violation of multiple Kansas statutes. *Id.* As the MOSC advised Plaintiff, allegations that an individual violated state law is insufficient to state a claim on which relief can be granted under § 1983.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

DATED:  This 2nd day of August, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

3